James G. Ricketts, Ph.D. Executive Director Colorado Department of Corrections 6385 North Academy Boulevard Colorado Springs, CO 80907
Dear Dr. Ricketts:
I am writing in response to your letter of June 5, 1981 in which you request a legal opinion concerning the responsibilities of the Division of Correctional Industries under a loan agreement entered into with the state treasurer on June 15, 1981. That loan agreement is set out in a contract dated June 15, 1979.
QUESTIONS PRESENTED AND CONCLUSIONS
You have asked two questions: 1) whether the Division of Correctional Industries is in default under the terms of the contract and 2) what steps, if any, should the division take to cure any default.
 It is my opinion that the Division of Correctional Industries is in default under the loan agreement. The division should request an additional appropriation from the general assembly in order to cure this default or, alternatively, legislation which would excuse correctional industries from repaying all or part of the loan.
ANALYSIS
You have stated in your letter that on June 15, 1979, the state treasurer loaned to the Division of Correctional Industries, Colorado Department of Corrections ("correctional industries") three million dollars ($3,000,000) pursuant to a contract of that date between the state treasurer and correctional industries. That contract required an interest payment of $90,000 to be paid on June 15, 1980. Correctional industries has not made that payment. A payment of $513,333, consisting of $180,000 in interest and $333,333 in principal, was due on June 15, 1981.
Your letter, dated prior to that date, states that correctional industries is unable to make that payment. It is my understanding that correctional industries has experienced operating deficits for the last two years.
The legal authority for the state treasurer to make a loan to correctional industries, and the conditions of such a loan, were the subjects of a legal opinion issued to Roy Romer, state treasurer, on June 11, 1979. A copy is enclosed. In addition to reviewing your letter and that opinion, I have examined the contract dated June 15, 1979.
In my opinion to Mr. Romer on June 11, 1979, I concluded that the state treasurer was authorized to make a loan to correctional industries with payments of principal and interest to be repaid in nine equal annual installments commencing after the first year, pursuant to C.R.S. 1973, 17-24-106(1)(j) (1980 Supp.). The contract between the state treasurer and correctional industries must be construed in a manner consistent with the statute authorizing that contract. C.R.S. 1973, 17-24-106(1)(j) (1980 Supp.) does not excuse payments if correctional industries has an operating deficit. It is therefore my opinion that if correctional industries failed to make the payment of principal and interest due on June 15, 1981, it is in default under the loan agreement.
Neither the contract dated June 15, 1979 nor the statutory authority authorizing the loan provide for a remedy in an event of default. It is also evident from the loan agreement that the parties intended that repayment be made from the earnings of correctional industries after payment of current operating expenses, and not from other funds available to the agency. Under these circumstances, the respective duties and obligations of the parties are not clear.
In your letter, you state that the Department of Corrections intends to submit for the Governor's Call to the 1982 session of the general assembly, proposed legislation to forgive all or part of the three million dollar loan.
The best way to resolve the uncertainty as to the consequences of this default in meeting the payment schedule is to obtain the adoption of legislation either appropriating the necessary moneys to make the payments or excusing correctional industries from making such payments.
SUMMARY
In conclusion, it is my opinion that correctional industries is in default of the contract of June 15, 1981 and that appropriate legislation should be obtained at the earliest date to obtain an appropriation to make the required payments or to excuse all or part of the loan.
If I can answer additional questions on this matter, please feel free to contact this office.
Very truly yours,
 J.D. MacFARLANE Attorney General
cc: Roy Romer
Enclosure
CORRECTIONAL FACILITIES TREASURER, STATE LOANS CORRECTIONS
C.R.S. 1973, 17-24-106(1)(j)
CORRECTIONS, DEPT. OF Corr. Industries, Div. of TREASURY, DEPT. OF
Failure of Correctional Industries to make a payment of principal and interest due to the State Treasurer pursuant to a loan agreement and statute constitutes a technical default, but no remedies are provided. Correctional Industries should seek legislation appropriating moneys to make the payment or forgiving the loan.